UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


JESSE PEOPLES,

                Petitioner,

vs.                              Civil Action No. 06-CV-12281
                              HON. BERNARD A. FRIEDMAN

BLAINE LAFLER,

                Respondent.

_____/


**ORDER VACATING IN PART THE COURT'S OPINION AND
ORDER DENYING THE PETITION FOR A WRIT OF HABEAS CORPUS,
CONDITIONALLY GRANTING THE WRIT OF HABEAS CORPUS
AS TO PETITIONER'S INEFFECTIVE-ASSISTANCE-OF-COUNSEL CLAIM,
AND DENYING PETITIONER'S MOTION FOR RELEASE ON BOND**

        This matter is pending before the Court on remand from the United States Court of Appeals for the Sixth Circuit and on petitioner Jesse Peoples' motion for bond.  Petitioner was convicted in 2003 of first-degree murder and two firearm offenses.  On August 11, 2011, this Court denied petitioner's application for the writ of habeas corpus.  On October 30, 2013, however, the Sixth Circuit partially reversed this Court's decision after concluding that petitioner's trial attorney was ineffective for failing to impeach the credibility of two key prosecution witnesses at petitioner's trial.  The Sixth Circuit remanded petitioner's case to this Court "with instructions to conditionally grant a writ of habeas corpus, giving the State of Michigan ninety days to retry Peoples or release him from custody."  *Peoples v. Lafler*, 734 F.3d 503, 506 (6th Cir. 2013).  Pursuant to the Sixth Circuit's decision,


        IT IS ORDERED that this Court's dispositive opinion and order denying the writ of

habeas corpus [docket entry 41] is vacated as to petitioner's claim that his trial attorney provided ineffective assistance. The opinion and order remains in effect as to petitioner's claims concerning the prosecutor, the *ex parte* jury instruction and the sufficiency of the evidence.

IT IS FURTHERED ORDERED that the petition for writ of habeas corpus is conditionally granted as to petitioner's ineffective-assistance-of-counsel claim. The State of Michigan shall either release petitioner from the custody of the Michigan Department of Corrections or take steps to retry him within ninety days of the date of this order.

The remaining question is whether petitioner should be released on bond. He seeks release from custody either on his own recognizance or on a 10% bond with electronic monitoring. He alleges that, if released, he will reside with his sister and brother-in-law in East Pointe, Michigan. He also alleges that he will be considered for immediate release once this matter is resolved and that the chances of a retrial are unlikely, given the Sixth Circuit's decision.

"A district court may grant bail upon granting the writ [of habeas corpus]." *Sizemore v. District Court, 50th Judicial Dist., Boyle Cnty., Ky.,* 735 F.2d 204, 208 (6th Cir. 1984) (emphasis omitted). But a federal court also "may delay the release of a successful habeas petitioner in order to provide the State an opportunity to correct the constitutional violation found by the court." *Hilton v. Braunskill*, 481 U.S. 770, 775 (1987).

Petitioner was found guilty of the State's most serious crime, and he is serving a sentence of life imprisonment without the possibility of parole. His criminal record includes convictions for other serious crimes, including assault with intent to rob while armed, assault with

intent to do great bodily harm less than murder, and firearm offenses.[1]  And even though the State has not filed a written objection to petitioner's motion, it has ninety days from the date of this order to make a decision on petitioner's case.  The Court believes that the prudent approach is to deny bond while the State decides whether to retry petitioner.  If the State decides not to retry petitioner, it must release him, and if the State elects to pursue another trial, the state court will be in the best position to  decide whether petitioner should be released pending a new trial.  Accordingly,

     IT IS FURTHER ORDERED that petitioner's motion for bond is denied.

     _S/ Bernard A. Friedman___
     BERNARD A. FRIEDMAN
     SENIOR UNITED STATES DISTRICT JUDGE

Dated: April 4, 2014_____
     Detroit, Michigan

---

[1] *See* http://mdocweb.state.mi.us/OTIS2/otis2profile.aspx?mdocNumber=201345.

3